IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 NOV -8 PM 3:15

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

JOHN SPATES, JR.,

    Plaintiff,

vs.

    No. 05-2648-Ml/V

SHELBY COUNTY, et al.,

    Defendants.

ORDER ASSESSING $250 FILING FEE
ORDER OF DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff John Spates, Jr., booking number 04116214, an inmate at the Shelby County Criminal Justice Complex ("Jail")[1] in Memphis, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on September 2, 2005, along with a motion seeking appointment of counsel. The Clerk shall record the defendants as Shelby County;[2] Shelby County Sheriff Mark H. Luttrell, Jr.; Chief of Security Robert Moore; and Sergeant J. Gaither.[3]

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2] The Court construes the allegations concerning "Shelby County Government" as an attempt to assert a claim against Shelby County.

[3] The complaint also purports to sue the "Criminal Justice Complex Security Staff" and the "D.R.T. Roving Team." However, service of process cannot
(continued...)

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 11-9-05

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[4] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the plaintiff has properly completed and submitted both an in forma pauperis affidavit containing a certification by the trust fund officer and a trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall

---

[3]   (...continued)
be made on a fictitious party. Moreover, the filing of a complaint against "John Doe" defendants does not toll the running of the statute of limitations against those parties. See Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996); Bufalino v. Michigan Bell Telephone Co., 404 F.2d 1023, 1028 (6th Cir. 1968). Thus, to the extent plaintiff seeks to bring any complaint against any other individual or entity, he must identify the defendant and file a new lawsuit within the one-year statute of limitations applicable to § 1983 actions. Tenn. Code Ann. § 28-3-104(a).

Moreover, although the case caption uses the designation "et al." in the listing of defendants, the Court will not speculate about the identity of any individual or entity the plaintiff intends to sue.

[4]   Effective March 7, 2005, the civil filing fee was increased to $250 from $150.

2

collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account, and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

3

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Jail Director to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II. Analysis of Plaintiff's Claims

The factual allegations of the complaint consist, in their entirety, of the following:

> On April 26, 2005, I was charged with criminal intent to commit first degree murder. I had made many reports to the Jail administration, all the report was overlooked, until the issues I reported came into play. I was charged unlawfully to cover-up the Jail's mishaps, the camera surveillance did not support the charges against me, but still from the time of the incident I was beaten continuously, hospitalized, and even after I was discharged from the hospital from day one up until now

4

> the unlawful beatings continue and no one will assist me or investigate the matter. I'm constantly being hospitalized from the physical assaults from the guards.

In his prayer for relief, the plaintiff states:

> I want this matter to be heard by the courts please. I have done all I could from the inside out, and no one will help me. I want this matter to be presented to the courts, so all the assailants whom are county jailers to be prosecuted for all the abuse that I've suffered physically, mentally, and emotionally. I want the Sheriff sanctioned as well as the Chief of Security, for not answering my reports and not protecting me from the deputy jailers beatings. All this surround the incident of the 17 deputy jailers whom were indicted for drug smuggling in the Jail. I am seeking monetary damages for all the Jails behavior.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

5

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust those remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th Cir. 2005).

In this case, the plaintiff has not satisfied his burden of demonstrating, through particularized averments, that he exhausted his administrative remedies as to his claims. The plaintiff has not attached copies of any grievances, or responses

to grievances, to his complaint. The complaint states that "I followed the Jails [sic] grievance procedures; I exhausted all administrative remedies to the highest level possible; and I also wrote many outside agencies for direct assistance." In response to the question asking the result of the grievance process, the plaintiff stated that "[o]utside agencies wrote back, some administrators came to talk with me, but no action was taken and all the circumstances and situations continually remain the same and has grown worse."

Although the plaintiff in this case does allege that he filed a grievance and pursued it to the highest level, he does not specify the content of the grievance. In light of the fact that the plaintiff seems to be complaining about more than one issue, including the filing of criminal charges against him while an inmate at the Jail and numerous assaults by deputy jailers, the plaintiff's statement is insufficient to establish that he exhausted each of the claims alleged in the complaint. Moreover, the named defendants to this action appear to be, not the individuals who allegedly assaulted the plaintiff but, rather, the supervisory officials who failed to protect the plaintiff and who failed adequately to respond to his grievances and complaints. The complaint does not allege that the plaintiff exhausted his claims against each of those defendants, as required by <u>Moorer v. Price</u>, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify

7

the warden or articulate any claim against her); Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); and Curry, 249 F.3d at 504.[5]

The Sixth Circuit recently stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 305 F.3d at 489. Moreover, pursuant to the recent decision in Jones Bey, a district court must dismiss any complaint that contains unexhausted claims rather than attempting to sever the exhausted claims. Accordingly, the complaint is subject to dismissal in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a).[6]

Moreover, plaintiff's complaint fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which provides, in relevant part, that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the

---

[5] Although the complaint also asserts that the plaintiff wrote or spoke to various prison officials, including defendants Luttrell and Moore, the Sixth Circuit has repeatedly held that an inmate must strictly follow the prison grievance procedures. Shephard v. Wilkinson, 27 Fed. Appx. 526, 527 (6th Cir. Dec. 5, 2001) ("While Shephard asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); Hewell v. Leroux, 20 Fed. Appx. 375, 377 (6th Cir. Sept. 21, 2001) (same); see also Clark v. Beebe, No. 98-1430, 1999 WL 993979, at *2 (6th Cir. Oct. 21, 1999) (district court erred in holding that prisoner had substantially complied with exhaustion requirement by writing a letter to the U.S. Attorney's office that eventually made its way to the warden of plaintiff's prison). Plaintiff's letters and informal conversations are not, therefore, a substitute for a formal inmate grievance.

[6] As the Sixth Circuit has explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Baxter, 305 F.3d at 489.

8

claim showing that the pleader is entitled to relief." The Sixth Circuit has emphasized that "[a] complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Mitchell v. Community Care Fellowship, 8 Fed. Appx. 512 (6th Cir. May 1, 2001) (emphasis in original; citation omitted).

The allegations in this complaint wholly fail to satisfy the requirements of Rule 8(a)(2). The complaint seems to allege that the plaintiff, while incarcerated at the Jail while awaiting trial on another charge, was wrongfully charged with attempted first degree murder, but the complaint does not allege any facts concerning that charge or identify any defendant or defendants who are responsible for the charge. The complaint also alleges that the plaintiff has been assaulted by unspecified deputy jailers on more than one occasion but, once again, the complaint does not state when any such assault occurred or identify any defendant responsible for the assault. Moreover, the complaint contains no factual allegations concerning defendant Gaither.

The Court ordinarily would order the plaintiff to amend his complaint to comply with the Federal Rules of Civil Procedure. Such a course is, however, unavailable when a Court is screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997). Under these circumstances, the appropriate course is to dismiss the complaint without prejudice to the plaintiff's right to commence a new action

concerning the same subject matter, so long as the new complaint is in compliance with Fed. R. Civ. P. 8(a)(2).

Accordingly, the Court DISMISSES the complaint, in its entirety and without prejudice, pursuant to 42 U.S.C. § 1997e(a) and Fed. R. Civ. P. 8(a)(2). In light of the dismissal of this action, the motion for appointment of counsel is DENIED as moot.

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

10

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[7] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this __8__ day of November, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

---

[7] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:05-CV-02648 was distributed by fax, mail, or direct printing on November 9, 2005 to the parties listed.

---

John Spates
04116214
1st Floor B-Pod 2-Cell
201 Poplar Avenue
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT